UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 4:07-cr-07-03-DFH-WGH |
| | ) |
| DAVID DIAZ-GAUDARAMA, | ) |
| | ) |
| Defendant. | ) |

ENTRY ON DEFENDANT'S MOTION FOR
FURTHER COMPETENCY HEARING

Defendant David Diaz-Gaudarama is scheduled for trial on drug conspiracy charges on June 8, 2009. He has filed a renewed motion for further evaluation of his competency to stand trial pursuant to 18 U.S.C. § 4241(a).

From the outset of this case, defendant David Diaz-Gaudarama has presented mental health issues. On July 13, 2007, he moved for a competency evaluation, which the court ordered. The first evaluation indicated that the defendant was not competent to stand trial. On August 14, 2007, the court ordered the defendant to the custody of the Attorney General for purposes of treatment attempts to restore him to competency under 18 U.S.C. § 4241(d).

The defendant spent several months under close observation by mental health professionals at FMC Butner, and that staff provided a detailed report to

the court in January 2008. The report showed convincingly that the defendant has been malingering. He has been engaging deliberately in exaggerated behavior to fake symptoms of psychosis. See Dkt. Nos. 100 & 101 (under seal). The defendant then asked for appointment of a defense expert to evaluate his condition. Dr. Irfan Afaq was appointed and submitted a report indicating that the defendant was not competent. See Dkt. No. 120. The court held a hearing on April 25, 2008 and found that the defendant was competent to stand trial.

The defendant objected to that finding on the ground that the court improperly relied on hearsay in the form of the Butner report without giving the defense an opportunity to cross-examine the person offering the opinion. The defendant also filed a notice of an insanity defense. The court held a further evidentiary hearing on competency on May 29, 2008. With Dr. Cheltenham of the BOP present and on the witness stand, the Butner report was admitted into evidence without objection. The court again found the defendant competent to stand trial. In light of the insanity defense, the court ordered further psychiatric evaluations and postponed the trial again. The defendant was returned to the Attorney General's custody for several months for purposes of further evaluation. That evaluation resulted in a further diagnosis of malingering.

After the defendant was returned to the Marshal's custody in Indiana, the defense expert, Dr. Afaq, saw him again at the Floyd County Jail on December 29, 2008 and January 22, 2009. See Dkt. No. 221. Dr. Afaq reported that the

-2-

defendant continued to exhibit the same types of behaviors that he had exhibited earlier. Dr. Afaq concluded that the defendant was still not competent to stand trial. Dr. Afaq's report suggested that he was unable to determine if the defendant was malingering, though he certainly did not observe evidence of malingering.

The court considered this issue in some depth in the spring of 2008. The court has before it persuasive evidence that defendant David Diaz-Gaudarama is competent to stand trial and that he believes, to put it bluntly, that if he pretends to act crazy, the government will have to drop the charges and let him go. He has shown the ability to maintain this act for days and even weeks at a time, but he did not manage to keep it up during the much longer evaluation at Butner. The compelling evidence of malingering emerged from the observations there.

Under 18 U.S.C. § 4241(a), a motion for a hearing to determine the defendant's competency may be filed at any time after the prosecution begins and before sentencing. The statute further provides:

> The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

*Id.*

The ability to reconsider the issue of competency "at any time" does not mean that the court must hold a hearing any time the defense asks for one. Especially where the court has already considered the issue in depth, it is not necessary to hold another hearing unless the defense comes forward with genuinely new evidence indicating a need for another hearing. See *United States v. Andrews*, 469 F.3d 1113, 1121 (7th Cir. 2006) (affirming denial of motion seeking second competency hearing); *United States v. Voice*, 627 F.2d 138, 141 (8th Cir. 1980) (district court did not abuse discretion in declining to hold second competency hearing), citing *United States v. Cook*, 418 F.2d 321, 324 (9th Cir. 1969) (same); see generally *United States v. Metcalfe*, 698 F.2d 877, 880-82 (7th Cir. 1983) (affirming district court's denial of motion for psychiatric evaluation made on the eve of trial; court may and should consider all available evidence in determining whether there is reasonable cause to believe the defendant might not be competent to stand trial).

Where a defendant is genuinely mentally ill, of course, his mental status and competency could change with the passage of time. For example, in *United States v. Ives*, 574 F.2d 1002 (9th Cir. 1978), the court had received four alternating determinations of competency and incompetency in less than a year. The Ninth Circuit held that the trial court's refusal to hold a further hearing was an abuse of discretion when the defendant came forward five months later with new evidence that the court refused to consider. 574 F.2d at 1005-06 & n.4.

The court views this case very differently because the issue here is not the severity or progression of a genuine illness but whether the defendant's psychotic behavior is all a deliberate act.  See *United States v. Wilbourn*, 336 F.3d 558, 560 (7th Cir. 2003) (affirming denial of second competency evaluation where court had found the defendant had been malingering:  "In short it was not an abuse of discretion for the court to deny Wilbourn's request for a second evaluation when the sole basis for that request was the fact that he continued to demonstrate behavior that the court had already found to be malingering."), citing *United States v. Prince*, 938 F.2d 1092, 1095 (10th Cir. 1991).

In this case, the defendant has shown the ability to maintain his psychotic act for days and even weeks at a time.  The fact that he continued to exhibit this behavior for a few hours with Dr. Afaq does nothing to call into question the court's earlier findings based on the Butner observations.  The fact that Dr. Afaq did not rule out the possibility of malingering after the longer-term Butner observations confirmed malingering adds to the court's confidence that the latest observations do not provide "reasonable cause" to believe the defendant might now be incompetent to stand trial.  The defendant's malingering has already delayed this case for more than a year.  The court sees no grounds for a new hearing on competency, and the renewed motion is denied.

So ordered.

Date: March 13, 2009

*David F. Hamilton*

-6-

                                        DAVID F. HAMILTON, CHIEF JUDGE
                                        United States District Court
                                        Southern District of Indiana

Copies to:

Matthew P. Brookman
UNITED STATES ATTORNEY'S OFFICE - EV
Matthew.Brookman@usdoj.gov

Larry D. Simon
805 Bank of Louisville
510 West Broadway
Louisville, KY 40202